

# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

January 18, 2022

The Honorable Ann Donnelly
US District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

### Re: US v. Mark Kocaj, 19CR575 & 577 (AMD)

Dear Judge Donnelly,

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's right of access to the sentencing document of Mark Kocaj that was filed by attorney Christophe Booth and includes photographs, 17 letters from friends and family members, and a "Mitigation Report" from former U.S Probation Department Official Leslie Lockwood.

Specifically, I petition the Court to treat this application as a claim asserted by an interested party on behalf of the public that requests the release of that document, (document #391) which is cited in the Kocaj sentencing memo dated January 4, 2022 but is not publicly available on ECF, according to a check by the undersigned news reporter.

I also ask that you treat this letter as a *pro se* motion and list it as such on the court docket sheet, and designate me as a party in the case.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King,* 140 F.3d 76, 77 (2d Cir. 1998);

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner,* 435 U.S. 589, 597 (1978); Va. Dep't of State Police v. *Wash. Post,* 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post,* 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside,* 478 U.S. 1, 15 (1986); *Stone,* 855 F.2d at 180.

# Gang Land News
### *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

*United States v. Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *In re in re Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984); *In re Application of Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984).

Since the mid-1970s, I have covered federal court proceedings, as a staff reporter for both the New York Post and New York Daily News, as a freelance writer for many publications, and also as an author of several non-fiction books about crime. Since 1996, I have published a weekly online column about organized crime at www.ganglandnews.com. Since these indictments were unsealed in 2019, I have written and published numerous articles about the case.

Stories about the case have also been reported by other news organizations. The case remains a topic of public interest, and is subject matter related to my ongoing work as a journalist.[2]

Overall, it is well established that except for extraordinary reasons, namely those that involve national security or safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including letters and exhibits, in all criminal cases.[3] And, the First Amendment guarantees the press and the public "a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson,* 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.,* 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim").

Under the common law and the First Amendment of the constitution, the requested document, and the information it contains, with limited redactions for privacy reasons if appropriate, should be available to the public since it is a judicial document related to an important part of the criminal justice system, the sentencing of a defendant.

As the U.S. Supreme Court has explained, the public has an independent First Amendment right of access to a criminal case to ensure the transparency and legitimacy of the judicial process.

---

[2] Notably, the motives of the press and public for seeking access to such records is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the documents submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds,* Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo,* 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access).

[3] These rights also include sentencing documents for all defendants, including cooperating witnesses who have testified for the government and received 5K1 letters at sentencing.

# Gang Land News
## *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The right to access is so fundamental, because it 'contribute[s] to public understanding of the rule of law and to comprehension of the functioning of the entire criminal justice system . . . .'" *Id.* at 572-573 (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 587 (1976) (Brennan, J., concurring in the judgment). A criminal justice system built on "openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enter. Co. v. Superior Court of California*, 464 U.S. 501, 508 (1984) ("Press-Enterprise I") (*citing Richmond Newspapers*, 448 U.S. at 569-571.)

In discussing the history of open proceedings, the Supreme Court noted that through openness, the public is better able to ensure "the proper functioning of a trial; it gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Richmond Newspapers,* 448 U.S. at 569.

For all the above reasons, and for any other statutes or judicial precedents that the Court may feel are also relevant, I respectfully ask that Your Honor make the requested document available to the public on ECF before the defendant is sentenced later today.

I thank the court for its time and consideration and petition Your Honor to render a timely decision in this important matter involving the First Amendment.

Sincerely,

Jerry Capeci

cc Christian Booth, AUSA Kayla Bensing