

February 14, 2022

Via Email
U.S.P.O. Roberta Houlton
U.S. Probation Officer
Eastern District of New York
147 Pierrepont Street
Brooklyn, New York 11201

**Re:    United States v. Frank Tarul; 19 Cr. 575 (AMD)**

Dear Officer Houlton:

On behalf of Frank Tarul, we hereby submit our comments and objections to the Presentence Report ("PSR):

Page 1: Please correct my office and email address to:

220 Old Country Road
Mineola, New York 11501
Eric@efranzlaw.com

Page 2: Mr. Tarul is now 47 years old

¶19:    We object to the characterization of "coconspirators" since Mr. Tarul disputes that he conspired with anyone other than Mr. Martino concerning a personal debt and not to "enrich [himself] and other members and associates of the Gambino Crime Family".

¶23:    We object to any claim that Mr. Tarul engaged in Bank Fraud. He did not plead guilty to Bank Fraud, did not make false statements to any bank and we therefore submit that no Bank Fraud occurred.

¶24 -25:    We join in Mr. Martino's September 24, 2021 PSR objection letter pertaining to the conversations dated February 3, 2017 and February 14, 2017.

¶26:    Mr. Tarul objects to the characterization that he was the "purported" signatory and operator for the Global Ventures Business Advisors, LLC Bank of America Account – he was the actual signatory and operator of said account.

¶27:    Same objection as ¶26 – here, with regard to the Narragansett bank account. Frank Tarul was always the owner of Narragansett Enterprises LLC (since 2009) and signatory for its bank account. "Purported" should therefore be removed from this paragraph. Further, the issuance of a check to pay Mr. Martino's forfeiture does not evidence Mr. Martino's "control" as Martino did not control the company and the issuance of the check was simply

| | |
|---|---|
| | for the purpose of obtaining the necessary cashier's check to facilitate the payment of Martino's forfeiture. Mr. Martino reimbursed all of those checks. Finally we object to any claim that anyone other than Tarul operated and controlled Narragansett – Martino did not operate or control the company and the PSR should be so corrected. |
| ¶28: | See objection for ¶¶26 - 27 with regard to "purported". Mr. Tarul was the signatory and owner of the JP Morgan Chase account for 23 North Main Street LLC and Tarul was a principal in the company. |
| ¶29: | Same objection as ¶¶26-28 regarding "purported". Mr. Tarul was the managing member of Global Business Ventures and the actual signatory of the Orange Bank and Trust Company account for that entity. |
| ¶30: | We object to this vague characterization concerning "various other companies" and, absent further details, submit that no such alleged concealment occurred. |
| ¶33: | Mr. Martino, was, in fact employed by Narragansett Enterprises, LLC – which while referenced earlier at ¶ 27 as a flooring company, was involved in multiple ventures in addition to flooring and Mr. Martino assisted Mr. Tarul with managing these projects. In addition, Narragansett had an office located at 1520 Stillwell Avenue, Bronx, New York, from 2013 to 2017. That the government agents cursory surveillance did not corroborate that fact only speaks to the shoddy investigation concerning this fact. *See* letter from Domenico Assalone, dated June 30, 2021. |
| ¶¶34-36: | We join in Mr. Martino's September 24, 2021 PSR objection letter with regard to these paragraphs which concern the May 24, 2017 conversations. |
| ¶¶37-38: | We join in Mr. Martino's September 24, 2021 PSR objection letter with regard to these paragraphs which concern the July 10, 2017 conversations. |
| ¶¶39 to 125: | Should be removed from the PSR as they have nothing to do with Mr. Tarul and only serve to cause him to have a PSR follow him which includes extensive reference to criminal activity for which he took no part. |
| ¶126/ 153: | We object to the two point enhancement provided for in §2J1.2(b)(3)(A) and (C) since Mr. Tarul's offense conduct was not otherwise extensive and did not involve the alteration or fabrication of a substantial number of documents. The enhancement provision in subsection (3)(A) ("involved the destruction, alteration, or fabrication of a substantial number of records"), plainly does not apply in this case because, even if the numerous documents which the Government claims contained supposed "purported" information, designed to "conceal", etc., they were not documents which were destroyed, altered or fabricated. This particular enhancement does not cover documents which contain false information, but which are otherwise authentic. *See United States v. Vastardis*, 2020 WL 1915278*4; May 20, 2020; Dist. Ct. Delaware) (subsection 3(A) not meant "to sweep so broadly that it includes genuine documents that have false entries."). |
| | Notably, the government did not include such an enhancement in Mr. Tarul's plea agreement. |

¶161:	Based on our objections to ¶126 and 153, we submit that the total offense level is 12.

¶165/205:	We object to the claim that Mr. Tarul engaged in the listed criminal conduct. The purpose of this coverage is to protect Mr. Tarul from further prosecution for conduct which he maintains is not a crime. Therefore, an enhancement under USSG ¶5K2.21 is not warranted and should be stricken from ¶205.

¶183:	Mr. Tarul apologizes for overlooking disclosure that his company 23 North Main, LLC, owned the lease and equipment for a restaurant, Telly's Taverna, from which he never received any income or profits.

¶192:	Attached hereto, is Mr. Tarul's Personal Financial statement, which we submit demonstrates that he has limited assets and therefore a fine is not warranted.

¶194:	We object to the final USSG calculation being level 13, as we submit it should be level 12, since the two-point adjustment pursuant to USSG §2J1.2 is unwarranted (See objections to ¶126 and 153).

¶204:	Attached hereto, is Mr. Tarul's Personal Financial statement and thus the statement that "The defendant has not provided a financial statement, which places him in breach of this agreement" should be stricken from the report.

				Respectfully,

				*Eric Franz*
				_____
				Eric Franz

cc: AUSA Kayla Bensing

FRANK & SON AUTO BODY
1530 STILLWELL AVE
BRONX NY 10461
TEL: 718-822-6726   FAX: 718-931-1740
FRANKANDSONAUTO@AOL.COM



June 30, 2021

To whom it may concern:

    My name is Domenico Assalone and I am the owner of the 1530 Stillwell Avenue Corp., which owns a commercial building located at 1530 Stillwell Ave, Bronx NY 10461. I operate an Automobile repair shop, Frank & Son Auto Body, on the first floor of 1530 Stillwell Ave. Bronx, NY 10461. In 2013, Frank Tarul rented the top floor above my auto body shop to use as office space for his company, Narragansett Enterprises, LLC. Mr. Tarul's company used the premises from early 2013 until they moved out around June 2017.

    Please contact me if you have any questions.

Sincerely,

*[signature]*

Domenico Assalone          Dated: 6/30/21